B. BOUNANNI, Appellant, v. WHITE BRONZE MONUMENT
COMPANY, Appellee.

Evidence: WRITINGS: VARIANCE BY PAROL. Where there is no ques-
tion made by the pleadings that a written contract sued upon
did not fully embody the agreement and the contract has been
performed by one of the parties,' oral evidence in support of a
counterclaim for damages, because the performance was not
in conformity with a contemporaneous verbal agreement, is in-
admissible.

*Appeal from Polk District Court.*— HON JAMES A.
HOWE, Judge.

THURSDAY, JULY 12, 1906.

ACTION at law to recover for services performed un-
der a written contract. The trial was to the court without a
jury, and resulted in a judgment for plaintiff for a part only
of his demand. Plaintiff appeals.— *Reversed* and *re-
manded.*

*Baily & Stipp,* for appellant.

*C. W. Johnston,* for appellee.

BISHOP, J.— The substance of the contract sued upon,
as disclosed by the writing, was that plaintiff agreed to
model in plaster of paris a statue of Rebekah " as per photo-
graphic illustration, to be entirely satisfactory to the com-
mittee of Rebekahs who have purchased the same of the
White Bronze Monument Company, . . . and on the
completion of the job the company agrees to pay Bounanni
the sum of $250 in full of all labor and material," etc.
Plaintiff alleges that the model was completed and delivered
according to contract and that the same was accepted by

defendant.   He admits payment to him of $50 as the work progressed, and demands judgment for the balance of $200. In its answer the defendant admits making the written contract alleged by plaintiff, but " denies that he [plaintiff] complied with said agreement of modeling an ideal character of Rebekah or any other figure," and denies any indebtedness to plaintiff.   By way of counterclaim, defendant alleges " that to correct the model and make it comply with the contract and as ordered by this defendant it will cost from $75 to $100, all because of the ignorance and lack of knowledge of plaintiff."   It appears from the undisputed evidence that the model prepared by plaintiff was in exact accord with the photographic illustration furnished him, and the evidence does not even suggest that the model was subject to adverse criticism as a work of art, or that any such criticism had in fact been passed upon it.   It appears, however, that after delivery of the model to defendant a mold was made therefrom and a metal statue cast; and of this a photograph was taken by defendant and sent to the parties residing in the state of Indiana for whom the statue was being made.   Such parties at once entered objection that the statue did not comply with their contract with defendant, in that an urn held in one hand of the figure was upright, whereas by the contract it was to be held in a tilted position, and demand was made that the statue be be changed to conform to the contract.   Defendant confessed the error, and made the change accordingly.   This was done, as shown by the evidence, at an expense of $75, and it is to recover from plaintiff the expense so incurred that the counterclaim is presented in this action.

Now, passing other questions raised in argument by counsel for appellant, it is to be said that not even a shred of evidence was brought forward on the trial tending to prove the allegation made in the counterclaim to the effect that the position of the urn as held in the model was due to the " ignorance and lack of knowledge " on the part of plaintiff.

No more was attempted to be proven by defendant than that at the time of making the contract with plaintiff it was the understanding and agreement that the model, instead of being made to correspond with the photographic illustration furnished plaintiff, should vary therefrom in respect of the position of the urn to be held in the hand of the figure. The plaintiff protested against such evidence being received and considered, and the court ruled that, while the same could not be considered to vary the terms of the written contract, it would be allowed to remain in the record because "the oral testimony may be admissible for some purposes." What other purpose there was to which the evidence could be devoted is not discernible. As already stated, the contract writing as pleaded by plaintiff was admitted in the answer, and until the evidence was being introduced there was no suggestion that the writing did not correctly recite the agreement of the parties, and no attempt was then made to reform the issues. Correctly enough the court announced that the evidence objected to could not be relied upon to establish a contract different from the one admitted by the pleadings. But it appears certain that the finding in favor of the counterclaim was predicated wholly upon such evidence, because apart therefrom the record is barren on the subject. We have, then, as a net result, that the counterclaim pleaded was wholly without support in the evidence, and that the finding of the court was predicated upon evidence improperly introduced in proof of a contract not pleaded and at variance with the contract admitted by the pleadings. It follows that the judgment must be, and it is, reversed, and the cause will be remanded for further proceedings according to law.— *Reversed.*